UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERASMO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-137 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

The Court now considers the "Motion to Compel Appraisal"[1] (hereafter "motion to compel") filed by Erasmo Gonzalez ("Plaintiff") and the response[2] filed by Allstate Texas Lloyd's ("Defendant Allstate"). The Court also considers the "Unopposed Motion for Leave to File First Amended Answer"[3] (hereafter "motion for leave") filed by Defendant Allstate. Finally, the Court considers the "Joint Motion for Extension of Scheduling Order Deadlines"[4] (hereafter, "second joint motion for extension of time"). After duly considering the record and the relevant authorities, the Court **GRANTS** both Plaintiff's motion to compel and Defendant Allstate's motion for leave. The Court **DENIES AS MOOT** the second joint motion for extension of time.

### I. BACKGROUND

This is an insurance case involving Plaintiff's denied claim for storm damage to his property under his policy with Defendant Allstate.[5] Plaintiff alleges that on May 31, 2016, a storm hit the Palmview, Texas area, causing damage to Plaintiff's "house and other property."[6]

---

[1] Dkt. No. 14.
[2] Dkt. No. 16.
[3] Dkt. No. 15.
[4] Dkt. No. 19.
[5] Dkt. No. 1-5 p. 2 (Plaintiff's Original Petition).
[6] *Id.* ¶ 8.

On January 25, 2017, Plaintiff filed a claim with Defendant Allstate under his insurance policy and alleges Defendant Allstate and its adjustor "improperly denied/underpaid the claim."[7] Plaintiff alleges Defendant Allstate's adjustor "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued damages observed during the inspection."[8]

Before being removed to this Court, this case was filed in the 370th Judicial District Court of Hidalgo County, Texas (hereafter, "state district court") as cause number C-1517-19-G.[9] Yet, before there was C-1517-19-G, there was CL-17-1506-A: a case originally brought in the Hidalgo County Court at Law #1 (hereafter, "state county court") by two plaintiffs against Allstate Vehicle and Property Insurance Co. and an adjuster in March 2017. Upon two amendments to the original petition, the two original plaintiffs added 16 additional plaintiffs, five other defendant adjusters, and defendant Allstate Texas Lloyds.[10] With both the first and second amended petitions, plaintiffs—including the instant plaintiff—attached signed stipulations that damages did not exceed $74,999.00.[11]

On December 21, 2018, the state county court set a January 3, 2019 hearing for plaintiffs' motion to compel discovery responses from the Allstate defendants. On January 7, 2019, the state county court granted plaintiffs' request for ruling on the Allstate defendants' objections and responses to plaintiffs' discovery, overruled the Allstate defendants' objections and ordered the

---

[7] *See id.* at pp. 2, ¶ 9. The exact date of Plaintiff's filing of his claim is unclear from Plaintiff's original state court petition. Defendant Allstate claims in its response to Plaintiff's motion to compel appraisal that Plaintiff filed his claim on January 25, 2017. Dkt. No. 16 p. 1, ¶ 1. This appears to align with Plaintiff's assertion that on February 5, 2017, the adjuster, Khalid Fouda, incorrectly evaluated the damage done to his property. Dkt. No. 1-2 p. 9 (Plaintiff's Demand Letter, dated July 17, 2017). Therefore, for the purposes of determining a timeline of events in this case, the Court will assume Plaintiff did in fact file his claim on January 25, 2017, as Defendant Allstate alleges.
[8] Dkt. No. 1-5 p. 2, ¶ 10.
[9] Dkt. No. 10 p. 1, ¶ 3.
[10] CL-17-1506-A, Plaintiffs' Second Amended Petition, August 31, 2017. The state court denied Defendants' motion to strike Plaintiffs' first amended and second amended petitions on August 6, 2018. On October 9, 2018, the state court confirmed it denied Defendants' motion to strike, denying in part Defendant's August 27, 2018 motion for clarification and to reconsider.
[11] *See* CL-17-1506-A, Plaintiffs' Second Amended Petition, August 31, 2017; *see also* Dkt. No. 10 p. 2, ¶ 6.

Allstate defendants to make available all plaintiffs' requested documents.[12] On January 16, 2019, the state county court also granted plaintiffs' motion to compel discovery responses from the Allstate defendants; and denied defendants' motion for reconsideration and motion to strike.[13]

On April 10, 2019, the state county court granted Erasmo and Irasema Gonzalez's request for a nonsuit without prejudice against Allstate Vehicle and Property Insurance Company, Allstate Texas Lloyds, and defendant adjusters.[14] Plaintiff then filed the instant action individually in state district court on April 3, 2019, bringing claims against Defendant Allstate for violations of the Texas Insurance Code and breach of contract.[15] Plaintiff seeks damages of $100,000 or less and attorneys' fees.[16] Defendant filed an answer in state district court on April 8, 2019.[17]

On April 24, 2019, Defendant Allstate removed to this Court on the basis of diversity jurisdiction.[18] At the parties' June 18, 2019 initial pretrial and scheduling conference, the Court inquired with Plaintiff's counsel as to whether Plaintiff intended to file a motion to remand and Plaintiff's counsel indicated that Plaintiff did not anticipate doing so and that Plaintiff does not object to the case remaining in federal court.[19] Nevertheless, the Court instructed Plaintiff's

---

[12] CL-17-1506-A, Order Granting Plaintiff's Request for Ruling on Defendants' Objections and Responses to Plaintiffs' Discovery, January 7, 2019.

[13] CL-17-1506-A, Order Granting Plaintiffs' Motion to Compel Defendants' Discovery Responses, January 16, 2019; Order Denying Defendants' Motion for Reconsideration and Motion to Strike, January 16, 2019.

[14] CL-17-1506-A, Order Granting Plaintiffs' Request for Nonsuit, April 10, 2019.

[15] Dkt. No. 1-5 pp. 3–5. Plaintiff does not name Khalid Fouda, Defendant Allstate's adjustor, as a party to this action, despite describing Fouda as a party in a demand letter to Defendant Allstate. Dkt. No. 1-2.

[16] *Id.* at pp. 2, 5, ¶¶ 5, 24–26.

[17] Dkt. No. 1-8 (Defendant's Original Answer).

[18] Dkt. No. 1 p. 2. Defendant Allstate alleges that Plaintiff is a citizen of Hidalgo County, Texas, and Defendant Allstate is a citizen of Illinois and New Jersey. Thus, the parties are completely diverse. As Plaintiff's requested damages are "$100,000.00 or less," the amount in controversy potentially exceeds $75,000.00. Moreover, based on Plaintiff's lack of filing a motion for remand following the Court's instructions at the June initial pretrial and scheduling conference, the Court finds Plaintiff does not dispute diversity jurisdiction.

[19] Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations. *See also* Case No. 7:19-cv-146, Minute Entry dated June 18, 2019. The Court notes it handled these conferences jointly.

counsel to promptly file a motion to remand if Plaintiff chose to do so.[20] Plaintiff has not filed a motion to remand.

Also at the initial pretrial and scheduling conference, the Court instructed the parties to consider the process of requesting appraisal as soon as possible, before the case progressed substantially, if appraisal was to be sought.[21] The parties indicated that appraisal would "certainly not" be necessary in this case.[22] The Court then issued a scheduling order.[23]

Plaintiff alleges the parties unsuccessfully mediated the case on September 5, 2019, after which Plaintiff submitted a letter to Defendant Allstate demanding appraisal on September 9, 2019.[24] Defendant Allstate denied Plaintiff's demand for appraisal on September 24, 2019.[25] Plaintiff filed the instant motion to compel on October 1, 2019.[26] Defendant Allstate then filed its unopposed motion for leave to amend its answer on October 15, 2019,[27] and subsequently filed a timely response in opposition of Plaintiff's motion to compel on October 22, 2019.[28]

On October 31, 2019, the parties filed a first joint motion for extension of time.[29] Therein, the parties requested a 90-day extension of all deadlines set by the Court's scheduling order[30] in light of the pending motion to compel appraisal. The Court granted in part the parties' request and extended the parties' deadlines by approximately sixty days.[31] Importantly, the Court set a new discovery deadline of January 30, 2020.[32] On January 29, 2020, the parties filed a second

---

[20] *Id.*
[21] *Id.*
[22] *See* Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations.
[23] Minute Entry dated June 18, 2019; Dkt. No. 11.
[24] Dkt. No. 14 p. 2, ¶ 3.
[25] Dkt. No. 14-3 (Defendant's Denial Letter).
[26] Dkt. No. 14.
[27] Dkt. No. 15.
[28] Dkt. No. 16.
[29] Dkt. No. 17.
[30] Dkt. No. 11.
[31] Dkt. No. 18.
[32] *Id.*

joint motion for extension of time, once again requesting that the Court extend all deadlines by ninety days in light of the pending motion to compel appraisal.[33] As cause for their request, which comes one day prior to the parties' discovery deadline, the parties state that "[d]ue to extenuating circumstances, depositions have been delayed."[34] The Court now turns to its analysis.

## II. DISCUSSION

### a. Motion for Leave

Defendant Allstate now requests leave of the Court "to properly assert its admissions, denials and defenses in its First Amended Answer. . . in accordance with the Federal Rules of Civil Procedure and the Scheduling Order in this case."[35] Defendant Allstate attaches a proposed amended answer for the Court's review.[36] Plaintiff is unopposed.[37] Because the motion is unopposed, the Court considers it as soon as practicable.[38]

#### i. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend its pleadings once as a matter of course within twenty-one days after serving it, and thereafter with written consent of the opposing party or by leave of the Court.[39] Defendant filed its answer in state court on April 18, 2019.[40] Here, Defendant Allstate has not obtained the necessary written consent from Plaintiff to amend its answer without leave of the Court. Defendant Allstate only represents

---

[33] Dkt. No. 19.
[34] *Id.* at p. 2, ¶ 6. The parties further inform the Court that they are unable to comply with the Court's January 30, 2020 discovery deadline because Defense counsel was dealing with a family member's illness and hospitalization, and Plaintiff's counsel David Bergen "recently left his firm and a new attorney assigned [*sic*] to the case." *Id.* ¶ 4.
[35] Dkt. No. 15 p. 1, ¶ 2.
[36] Dkt. No. 15-1.
[37] Dkt. No. 15.
[38] L.R. 7.2.
[39] Fed. R. Civ. P. 15(a).
[40] Dkt. No. 1-8.

in the motion for leave that Plaintiff's attorney "is not opposed to this motion."[41] Plaintiff's agreement embedded in the motion does not constitute Rule 15(a) written consent. Thus, Defendant requires leave of Court to amend.

Rule 15(a)(2) provides that the Court should freely give leave to amend "when justice so requires."[42] In determining whether to allow leave to amend a pleading, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[43] In the absence of any of these factors, the Court should freely grant the requested leave.[44] The decision whether to grant leave to amend lies within the Court's sound discretion.[45]

### ii. Legal Analysis

The Court finds none of the warning factors present here. Defendant Allstate does not seek amendment in bad faith or with dilatory motive. Amendment here will not result in any significant delay. Moreover, the Court finds Defendant Allstate's amendment would not prejudice Plaintiff, particularly considering Plaintiff's lack of opposition. Defendant Allstate's amendment would not be futile, as Defendant Allstate would have the opportunity to file an answer in conformity with federal pleading requirements. Further, given that Defendant Allstate's original answer and its proposed amended answer are substantively similar, the Court finds no reason to deny leave to amend.[46]

---

[41] Dkt. No. 15 p. 2.
[42] Fed. R. Civ. P. 15(a)(2); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[43] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[44] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[45] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).
[46] Dkt. No. 1-8; Dkt. No. 15-1.

In sum, amendment is proper. The Court **GRANTS** Defendant Allstate's motion for leave[47] and **ORDERS** Defendant Allstate to file an amended answer by **Friday, February 7, 2020.** The Court now turns to Plaintiff's motion to compel.[48]

### b. Motion to Compel Appraisal

#### i. Cautionary Note

The Court first notes that it discussed the issue of appraisal with the parties at the June 18, 2019 initial pretrial and scheduling conference.[49] The parties indicated that appraisal would "certainly not" be necessary in this case and the Court instructed Plaintiff's counsel to decide on that issue relatively quickly.[50] Plaintiff did not invoke appraisal until September 9, 2019.[51] While the Court finds, for the reasons stated herein, that Plaintiff is legally entitled to appraisal, the Court is sympathetic to Defendant Allstate's frustrations and cautions Plaintiff to heed the Court's instructions in the future to ensure the case proceeds in a timely and efficient manner.

#### ii. Legal Standard

The appraisal process determines the value of damages, and courts decide liability.[52] Absent illegality or waiver, the Texas Supreme Court has generally held in favor of enforcing appraisal clauses "because denying the appraisal would vitiate the insurer's right to defend its breach of contract claim."[53] An insured waives its right to appraisal where (1) the parties reached an impasse; (2) there was unreasonable delay between the "point of impasse" and the insured's

---

[47] Dkt. No. 15.

[48] Dkt. No. 14.

[49] *See* Minute Entry dated June 18, 2019. While the discussions on appraisal and remand are not reflected in the Court's minutes, the conference transcript reflects these conversations.

[50] *Id.*

[51] Dkt. No. 14 p. 1, ¶ 2.

[52] *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 369 (5th Cir. 2012) (citing *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 412 (Tex. 2011)).

[53] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 412 (citing *In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002)).

demand for appraisal; and (3) the insurer shows it has been prejudiced by such delay.[54] "[W]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right."[55]

### iii. Legal Analysis

Plaintiff claims the parties' impasse occurred after mediation was unsuccessful on September 5, 2019, and that Plaintiff invoked appraisal within a reasonable time on September 9, 2019.[56] Plaintiff argues he has not waived his right to appraisal because he has not unreasonably delayed his appraisal invocation and Defendant Allstate has not been prejudiced.[57] In response, Defendant Allstate argues that (1) because the property at issue was vacant for two years when the storm damage occurred, the damage is not even covered under the policy and appraisal is improper; and (2) if the damage is covered, Plaintiff has waived his right to invoke appraisal based on the passage of time.[58]

As an initial matter, the Court considers Defendant's arguments regarding vacancy of the property and coverage under the policy. Defendant Allstate alleges Plaintiff's home was vacant for two years at the time the damage occurred to the property at issue, and that pursuant to the vacancy provision in Plaintiff's policy, coverage was suspended after the property was vacant for sixty days.[59] In support of its argument, Defendant Allstate cites to an "Exhibit B," or an April 19, 2017 letter sent by Defendant Allstate wherein Defendant Allstate denies Plaintiff's claim on the basis that Plaintiff indicated to Defendant Allstate that "[he] had moved from the premises and had been living elsewhere for at least [two] years."[60] Defendant Allstate argues that because

---

[54] *Id.* at 407–412.
[55] *Id.* at 407 (citing *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).
[56] Dkt. No. 14 p. 1, ¶ 1.
[57] Dkt. No. 14.
[58] Dkt. No. 16.
[59] *Id.* at p. 3, ¶ 5.
[60] *Id.* Defendant does not attach Exhibit B, or the April 19, 2017 letter from Plaintiff.

"[t]his is a coverage dispute" in which the main issue is "whether there is even coverage on the date [of] loss," "an assessment of the amount of loss is irrelevant."[61] Thus, Defendant Allstate argues "[t]here is no point in proceeding with appraisal until [the issue of coverage] is resolved."[62]

First, while Defendant Allstate cites to "Exhibit B," Defendant Allstate fails to attach the April 19, 2017 letter in which it alleges it denied Plaintiff's claim on the basis that the property was vacant. Defendant Allstate also provides no evidence of Plaintiff's admission to the property's vacancy at the time of the storm. The Court is unable to locate any exhibit or filing on the record that indicates the property was or currently is vacant. Moreover, this is the first time the issue of coverage has been presented to the Court in the nine months this matter has been pending before it, despite the fact that Defendant Allstate apparently received this letter from Plaintiff in April 2017. Finally, Defendant Allstate cites to no case law suggesting that a coverage dispute acts as a waiver of an insured's right to invoke appraisal. While alleging Plaintiff's invocation of appraisal is a "waste of time,"[63] Defendant Allstate proceeds to waste this Court's time by not providing any legal authority precluding appraisal in light of a coverage dispute. The issue of the vacancy of the property or coverage under the policy is one fit for a motion to dismiss or motion for summary judgment and is irrelevant to the issue of appraisal.

Thus, due to Defendant's failure to attach the letter and failure to proffer any persuasive argument as to why the issue of coverage bars Plaintiff's right to invoke appraisal, the Court declines to consider Defendant's arguments regarding vacancy of the property or coverage under the policy, especially when Defendant Allstate has not otherwise raised the coverage issue. The Court now turns to Plaintiff's arguments in support of appraisal and Defendant's argument

---

[61] *Id.*
[62] *Id.*
[63] *Id.* at p. 1, ¶ 1.

against appraisal on the ground that the passage of time acted as a waiver of Plaintiff's right to invoke appraisal.

### 1. Impasse

Parties reach an impasse when there is "a mutual understanding that neither will negotiate further" and the parties are aware of the futility of further negotiations.[64] Disagreement over amount of loss does not constitute an impasse.[65] Further, "[o]ngoing negotiations, even when the parties disagree, do not trigger a party's obligation to demand appraisal."[66]

Plaintiff identifies September 5, 2019 as the date of impasse,[67] while Defendant Allstate has not identified any date that could constitute an impasse. The Court concludes that an impasse did in fact begin after the parties negotiated and reached a mutual understanding that further negotiations would be futile on September 5, 2019.[68] Thus, the Court will now consider whether Plaintiff's invocation of appraisal on September 9, 2019 constituted unreasonable delay and whether this delay prejudiced Defendant Allstate.

### 2. Unreasonable Delay

As noted above, the Court finds the parties reached an impasse on September 5, 2019. Plaintiff asserts he invoked appraisal without unreasonable delay four days later on September 9, 2019.[69] Defendant Allstate's argument that Plaintiff has unreasonably delayed appears to be based on Defendant Allstate's allegation that it denied Plaintiff's claim over two years ago in

---

[64] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 409–10.
[65] *Id.* at 408.
[66] *Id.*
[67] Dkt. No. 14 p. 1, ¶ 1.
[68] Plaintiff indicates in its motion to compel that "settlement discussions. . .broke down when the parties began negotiating for the first time at mediation on September 5, 2019." Dkt. No. 14 p. 5, ¶ 12.
[69] Dkt. No. 14.

April 2017 on the grounds that Plaintiff violated his policy's vacancy provision.[70] Defendant Allstate further argues that, "[t]his is clearly an effort to use the appraisal clause in bad faith."[71]

Waiver of appraisal is measured from the time that the right to invoke appraisal arose—the time of disagreement or impasse—not the time notice of suit or a Texas Insurance Code claim is received.[72] Courts measure delay from the point of impasse by examining the parties' conduct and surrounding circumstances.[73] Such measure goes beyond "the amount of time involved in seeking appraisal."[74]

As noted above, the Court concludes the parties reached an impasse on September 5, 2019. Whether Plaintiff unreasonably delayed waiving the right to appraisal is measured from the time of disagreement or impasse, not the time notice of suit or a Texas Insurance Code claim is received.[75] Defendant Allstate's argument that the passage of time between the parties' initial dealings in 2017 and the parties' instant dealings constitutes unreasonable delay is unpersuasive given that no impasse existed during this time frame. While Defendant Allstate may have chosen to defend this claim for as long as it has without raising the coverage issue, such does not constitute a waiver on Plaintiff's part. Plaintiff invoked his right to appraisal four days after the parties reached an impasse.[76] Thus, Plaintiff did not unreasonably delay in demanding appraisal from the point of impasse.

---

[70] Defendant Allstate conflates its arguments regarding unreasonable delay and prejudice. The Court will consider the arguments as applied to each individual factor. Dkt. No. 16 p. 4, ¶ 7.
[71] *Id.*
[72] *Sanchez v. Prop. & Cas., Ins. Co. of Hartford, No. CIV. A. H-09-1736*, 2010 WL 413687, at *8 (S.D. Tex. Jan. 27, 2010).
[73] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d at 408.
[74] *Id.*
[75] *See Sanchez*, 2010 WL 413687, at *8.
[76] Dkt. No. 14 p. 1, ¶ 2.

### 3. *Prejudice*

Plaintiff argues that because there was no unreasonable delay, there can be no prejudice.[77] Plaintiff further argues that even if unreasonable delay exists, no prejudice exists because "[t]he parties have not conducted any depositions . . . [and] have exchanged only minimal written discovery."[78] In response, Defendant Allstate argues "[t]he passage of time and potential deterioration of the property prejudices Allstate's ability and the appraiser's ability to determine to what extent . . . damage to the property might be attributable to the May 31, 2016 storm, what changes have occurred in the interim and arguably, exacerbated by the costs of repairs, if any."[79] The Court finds Defendant Allstate has not shown it would be prejudiced by appraisal.

A party must show that it has been prejudiced by unreasonable delay; mere delay is not enough to find waiver of appraisal.[80] No waiver of an insured's right to appraisal exists in the absence of a showing of prejudice to the insurer.[81] As observed by the Texas Supreme Court, "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal."[82] Moreover, "if a party senses that an impasse has been reached, it can avoid prejudice by demanding an appraisal itself."[83]

Defendant Allstate cannot establish prejudice by unreasonable delay where unreasonable delay did not occur. Further, even if unreasonable delay had occurred, Defendant Allstate fails to otherwise prove prejudice. The appraisal provision at issue provides Plaintiff *and* Defendant

---

[77] *Id.* at p. 5, ¶ 12.

[78] *Id.* at p. 5, ¶ 13.

[79] Dkt. No. 16 p. 4, ¶ 7.

[80] *See Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 784 (S.D. Tex. 2011) (citing *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411).

[81] *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 411–12 (collecting cases).

[82] *Id.* at 412.

[83] *Id.*

Allstate the opportunity to request appraisal.[84] The Court specifically raised the issue with both parties, and Defendant Allstate did not then raise the claim that appraisal was not appropriate because Defendant Allstate was claiming no coverage. The parties recently mediated for the first time on September 5, 2019[85] and Defendant Allstate was aware the parties might disagree as to the value of Plaintiff's claim. Defendant Allstate equally had an opportunity to invoke its right to appraisal[86] or file a motion to dismiss on the grounds that Plaintiff's property was vacant at the time of the storm. Additionally, Defendant Allstate offers nothing more than stating it has expended time and effort in litigation as evidence of prejudice. This is simply insufficient to establish prejudice. Therefore, appraisal would not prejudice Defendant Allstate and Defendant Allstate fails to show otherwise. As such, the Court finds Plaintiff did not waive his right to appraisal and **GRANTS** Plaintiff's motion to compel appraisal.[87] The Court nonetheless notes that appraisal does not address the coverage issue.

### c.  Motion for Extension of Time

On January 29, 2020, the parties filed the second joint motion for extension of time.[88] Therein, the parties request an extension of all deadlines by ninety days in light of the pending issue of appraisal. The Court notes that appraisal may resolve amount of loss disputes and breach of contract claims should the case not be disposed of by Defendant's arguments regarding vacancy and coverage.  In light of appraisal likely resolving Plaintiff's breach of contract claim, the Court finds suspending all current deadlines pending either completion of appraisal or filing of dispositive motions serves the interests of the parties, counsel, and the Court. Accordingly, the

---

[84] Dkt. No. 14-2 p. 35, ¶ 7 ("If you and we fail to agree on the amount of loss, either party can make written demand for an appraisal . . . ").
[85] Dkt. No. 18 p. 2, ¶ 4.
[86] *See In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d at 412.
[87] Dkt. No. 14.
[88] Dkt. No. 19.

Court **CANCELS** all remaining deadlines and **DENIES AS MOOT** the parties' second joint motion for extension of time.[89]

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Allstate's motion for leave[90] and **ORDERS** Defendant Allstate to file its amended answer by **Friday, February 7, 2020.** The Court also **GRANTS** Plaintiff's motion to compel appraisal.[91] Accordingly, the Court **ORDERS** the parties to conduct appraisal according to the terms of the policy.

The Court **CANCELS** all pending deadlines and **DENIES AS MOOT** the parties' second joint motion for extension of time.[92] Finally, the Court hereby **ORDERS** the parties to appear for a status conference on **Tuesday, May 12, 2020 at 9:00 a.m.** and file a status report updating the Court on the status of the case in preparation for the conference by **Friday, May 1, 2020.**

IT IS SO ORDERED.

DONE at McAllen, Texas, this 31st day of January, 2020.

_____
Micaela Alvarez
United States District Judge

---

[89] *Id.*
[90] Dkt. No. 15.
[91] Dkt. No. 14.
[92] Dkt. No. 19.